By the Court.
 

 The administrators
 
 de bonis non
 
 maintain that the Court of Appeals, by increasing the rate of interest with which such administrators are chargeable, erroneously substituted its judgment for the judgment of the Court of Common Pleas and that since the facts are disputed the appellate court had no power to do more than reverse the judgment and remand the cause.
 

 Pre'vious to the time the administrators
 
 de bonis non
 
 were appointed, the Probate Court had found that the estate was in process of litigation on various matters and ordered and adjudged that the funds be
 
 *91
 
 left invested at 4 per cent until occasion should require their payment according to law.
 

 This order remained in full force and effect up to the time of the filing of the second partial account and was binding on the administrators
 
 de bonis non.
 
 Therefore they cannot now be heard to say that they did not know of it.
 
 Thomas
 
 v.
 
 Chamberlain,
 
 39 Ohio St., 112, 121;
 
 Bray
 
 v.
 
 Darby, Admr.,
 
 82 Ohio St., 47, 58, 91 N. E., 861. When the administrators
 
 de boms non
 
 received into their hands the assets of the estate amounting in value to approximately $50,000 (increased later to more than $60,000) they caused the whole to be converted and placed on deposit in checking accounts, one-half in the Peoples Savings Bank and one-half in the Farmers National Bank. In the former bank J. Ed Williams was cashier, stockholder and director, and in the latter bank Joseph Menke held like positions. The funds were carried in such checking accounts (which provided no interest whatsoever) for the whole period of six and one-half years. The administrators
 
 de bonis non
 
 each testified that his bank at the time of the receipt of the funds was paying 4 per cent on time deposits and continued to pay at this rate until the Federal Government, in or about March 1933, ordered them to pay not to exceed 2% per cent. Up to the time the order of the Federal Government was issued the administrators could have placed the money in time deposit accounts instead of checking accounts and received interest at the rate which the Probate Court had previously prescribed in its order. They chose to place the funds in their banks without interest. In doing so they not only violated the order of the Probate Court but used the funds in the business of their own banks.
 

 During the six and one-half-year period the estate was involved in a tremendous amount of litigation. In the whole period there was actually only an interval of thirty days or less in which no lawsuit was
 
 *92
 
 pending. If the administrators
 
 de bonis non
 
 considered that the money should be kept in checking accounts for the reason that distribution was anticipated at an early date, modification of the court’s order with reference to interest should have been sought. Anyhow the funds would have rested as safely in interest-bearing time deposit accounts as in noninterest-bearing checking accounts and could have been made readily available for distribution by the terms of the contract of deposit.
 

 The facts which have been recited are undisputed. The only legal conclusion that can be derived therefrom is that the administrators
 
 de bonis non
 
 were chargeable with interest at the rate of 4 per cent for the whole six and one-half-year period. The Court of Appeals was lenient in charging them only 2% per cent after the Federal Government issued its order. Of that action the creditors and heirs at law do not complain in this court.
 

 The Court of Appeals was justified in entering the judgment as a matter of law on the undisputed facts. The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams and Hart, JJ., concur.